# Bright's Estate.

*Will—Codicil—Probate.*

Testatrix directed that her "dwelling house, lot and appurtenances" should be appraised, and that a son named should have the option to take it at the appraisement, and that in the event of his declining the option should be extended to her other children in the order of their ages. Eight months after the date of the will and twenty-four days before her death she signed a paper addressed to the son named in the will as follows: "I have bequeathed to my son (naming him) the house I now live in for the sum of one thousand dollars as expressed in my will written by Judge Marr." Eighteen months after the will was proved the register admitted this writing to probate as a codicil. On appeal from the register the orphans' court by agreement heard the case on its merits having before it only the will and the unattached writing. The court held (1), that there was nothing to identify the will proved as the will referred to in the writing; (2) that

there was nothing to identify the "dwelling house, lot and appurtenances" named in the will as the dwelling house named in the writing; (3) that the declaration in the writing was as to a past act and not of a present intention to make a disposition of the property to take effect after death. *Held,* that the decree of the court reversing the register should be sustained.

Argued Feb. 15, 1905. Appeal, No. 306, Jan. T., 1904, by Hunter F. Bright, from decree of O. C. Schuylkill Co., sustaining appeal from register of wills in estate of Anna B. Bright. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Appeal from register of wills.
The opinion of the Supreme Court states the case.

*Error assigned* was decree sustaining the appeal and in reversing the register of wills.

*MacHenry Wilhelm,* with him *R. H. Koch* and *M. M. Burke,* for appellant, cited: Reichard's App., 116 Pa. 232; Engle's Estate, 34 W. N. C. 355; Knox's Estate, 131 Pa. 220; Gaston's Estate, 188 Pa. 374; Diehl's Est., 11 Pa. Superior Ct. 293; Megary's Est., 206 Pa. 260; Harrison's Est., 196 Pa. 576; Fosselman v. Elder, 98 Pa. 159.

*George M. Roads,* for appellees.

PER CURIAM, June 22, 1905:

The testatrix provided by her will that her " dwelling house, lot and appurtenances " should be appraised and that her son Hunter, the appellant, should have the option to take it at the appraisement, and that in the event of his declining to take it the option should be extended to her other children in the order of their ages. Eight months after the date of her will and twenty-four days before her death, she signed the following writing: " To Hunter F. Bright, Ashland, Pa. I have bequeathed to my son, Hunter F. Bright, the house I now live in for the sum of one thousand dollars, as expressed in my will written by Judge Marr." Eighteen months after the will was proved, the register admitted this writing to probate as a codicil. This appeal is from the order of the orphans' court

reversing his decision. All technical objections to the proceedings were withdrawn, and it was agreed that the matter should be decided by the orphans' court on its merits. The court had before it only the will and the unattached writing, and held (1) that there was nothing to identify the will proved as the will referred *to in the writing; (2) that there was nothing to identify the "dwelling house, lot and appurtenances" named in the will as the dwelling house, named in the writing; (3) that the declaration in the writing was as to a past act and not of a present intention to make a disposition of the property to take effect after death. We concur in the conclusion reversing the decision of the register, and the order of the orphans' court is affirmed at the cost of the appellant.